Good morning, everyone. This is the time and place for oral argument in the two appeals in Short v. Berger, and I think you've received notes we're going to merge the two because many of the issues are overlapping, and we'll give each side 20 minutes to argue if necessary. Good morning, Your Honors. Katherine Short for Plaintiff Appellate Thomas Short. I'd like to reserve eight minutes of my time for rebuttal. May it please the Court, the background of this case has presented somewhat of a moving target. As matters stand today, Thomas Short is not in place, but that preliminary injunction simply prevents, has prevented separation at such time as Short, along with thousands of other Marines, could have his religious accommodation request re-adjudicated by the Marine Corps. Counsel, what about the effect of the rescission of the mandatory vaccination order? Yes, on December, on August, excuse me, January 10th, Secretary Austin rescinded his memorandum of August 21st, imposing the vaccination mandate, but to date, the Marine Corps has not rescinded its separate and independently enforceable vaccination mandate. Secretary Austin's rescission... And does it have a choice given Secretary Austin's rescission? Secretary Austin simply removed his mandate. The Marine Corps mandate is separately and independently enforceable, and it says on its face that it will remain in effect until it is specifically rescinded. It does not indicate that it is in any way contingent upon the Secretary's... But, Counsel, what I don't understand is that the January 10th memo rescinded the vaccination mandate for all service members, and certainly Marines are included in that, and wouldn't that, doesn't that override the Marine-specific order? For the same reason, I believe that the Marine Corps imposed its own particular vaccination mandate. Secretary Austin issued his memorandum on August 21st, and approximately a week to 10 days later, the Marine Corps... Well, actually, first came a Navy order, and then came a specific Marine Corps order for 6221. And so that mandate, again, says on its face that it remains in effect until it is rescinded. And, for instance, the Navy has rescinded its individual mandate. The Marine Corps has not. And the Secretary Austin's rescission memorandum also contains instructions about separations and adverse actions towards service members based on their refusal to receive a COVID-19 vaccine if they sought any type of but these instructions are awkwardly constructed to avoid mentioning the legal basis of the military's disciplinary action, which is the failure to obey an order. Interestingly, on the second page of the rescission memorandum, that crucial language about the failure to obey an order appears, paraphrasing Congress's language from the NDAA in 2021. But on page... In this awkward construction about refusal of the vaccine rather than disobedience to an order, which is the legal basis for the disciplinary actions against the service members. The rescission memorandum leaves these defendants free to effectively oppose a COVID-19 mandate as part of their 2021 enforcement policy. That policy decreed that unvaccinated Marines are not deployable. And as we know from the defendants' briefing here, non-deployable Marines should be if you're not deployable, then you should be separated on that basis. In considering the likelihood that defendants, in light of Congress's clear intent, would use measures like this to maintain its mandate, it's important to note that of all the branches of the military, the Marine had the lowest rate of granting even phony religious accommodations, one half of 1%. And as we know, of course, they did not grant... Counsel, sorry to interrupt. But can we assume, at least for purposes of our questioning, can we assume that the Marines will follow Secretary Austin's rescission and rescind the Marine-specific vaccine mandate? And if so, how does that affect your case? Well, in the first instance, can we assume that? As I was... The Marine Corps has been, of all the services, most committed to the mandate in terms of granting the fewest religious accommodations, granting... Sure. But it seems pretty implausible that the Marines would counter-mandate a direction from the Secretary of Defense. Well, I guess they haven't done it so far. Other services, the Navy, of which the Marines of the Navy tend to go... Their sister services, you might say, have rescinded their individual mandate. The Marine Corps has not. Okay. Well, fair enough. For purposes... Accept my hypothetical that the Marines will rescind their vaccine mandate, say, tomorrow. How does that affect your case? I think that rescinding the vaccine mandate going forward is a separate question from how it handles all the adverse actions and reports that are already in place for the Marines, such as Major Short. Can I ask you, does it take care of your preliminary injunction? If it does, yes, it would take care of the preliminary injunction insofar as it would force him to receive a vaccine, but it would not take care of the penalties that he's currently incurring for not being vaccinated. Right. So that's the distinction. So your complaint would be live, but the motion for preliminary injunction would be moved? Well, our motion for preliminary injunction sought that no adverse actions be maintained against him pending the outcome of the action. So, counsel, to be really clear, okay, we do have these two appeals. You have your preliminary injunction appeal. Now, is that appeal mooted if the Marines rescind the order? Not entirely, if all they do is rescind the vaccine mandate itself. Right, but the order, the DOD order says to undo any negative action that had taken place. Yes, and as I was explaining, unfortunately, the wording of that order is very unclear about what exactly they have in mind because it is framed in terms of vaccine refusal rather than refusal to obey an order, which is the grounds for... But what was the... I mean, your preliminary injunction motion was to enjoin the mandatory vaccination. And to prevent and remove adverse actions by the Marine Corps that had been placed on Major Short for purportedly disobeying a lawful order. All right. Let's just assume the preliminary injunction is off the table, either by virtue of the CFMO class action in the Middle District of Florida or the rescission of the mandatory vaccination. What is left of the case? What else are you seeking on behalf of Mr. Short? What we are seeking is that he, that all adverse references actions against him because of his refusal, disobedience to a lawful order be rescinded and removed. And we would, again, depending... Working with your assumptions, we would want to make sure that they didn't show up again in another form, which is, well, but because you, yes, you can exercise your right not to be vaccinated, but if you do that, then you're non-deployable. And if you're non-deployable, we can separate you. Is that even ripe at this point? I know you're perhaps speculating it might happen, but we don't know what will happen with respect to that issue you're saying about deployability, et cetera, right? That is correct. We don't know if they, I mean, all we know is that is the position they have taken. That is the order that is in effect, you know, that came into effect in October of 2021 said unvaccinated Marines are not deployable. And is there any damages issue at this point? I know your complaint referred to damages, potential back pay. Is that in play still or is that not in play anymore now that the mandate has been rescinded? And assuming they'll apply to the Marines. Assuming. No, there's not a damages issue, no. I'm sorry, why is there no damage issue? Did you waive it? Because it's in your complaint. Well, I think it was in the complaint somewhat prospectively in terms of not knowing what was going to happen during the course of the litigation. With his being placed, you know, placed on the officer disciplinary notebook, how that would affect other career advancement opportunities and things like that. And it would be a matter of, yes, it would be, you know, for instance, back pay or retroactive consideration for promotion, things like that. So, counsel, the district court dismissed the case saying it was duplicative of the CFMO case. I would also assume that the rescission order would render moot the CFMO case. Is that correct? Yes. That is the subject of briefing as we speak right now in the CFMO case is the effect of the order on that case. Again, my understanding is that the CFMO plaintiffs have not conceded that their claims are moot because of this, that because of the various adverse actions that were disobedience to a lawful order. But if it is dismissed as moot because there it's purely injunctive relief, then the district court erred by dismissing your case as duplicative. I would, yes, I would agree because we did, that is exactly the basis for our appeal in of the dismissal was that we were seeking other and further relief based on the specific facts in the case. Okay. And I think Judge Lee was asking, what is that other and further relief that you're seeking? I mean, is there something live that we should send back to the district court? It is that this action, this, I mean, based on the assumption, including Judge Lee's, yeah, there are a lot of assumptions. It's a moving target. Yeah. And so I, and I would say based on the assumption that the, that the military or that the Marine Corps will not attempt to use a vaccination status as an excuse for non-deployability. And that is another act. That's a different action, isn't it? It's a different claim. Well, not, not really because those orders are in effect now. I mean, the order that says all Marines, unvaccinated Marines who are not vaccinated with the COVID-19 vaccine are not deployable, that that has not been rescinded. That is not even, there's not even a discussion of that being rescinded. And so I think that, that, that is very much a live issue, that that could be a backdoor to keeping the mandate in place. But, but isn't your, your client not in a deployable unit at the moment? So we presume that he would be transferred to a deployable unit. That would be the rational assumption, Your Honor, but that's not what the, how the Marine Corps has treated this up to now. He was, yes, he was in a non-deployable unit. They said, even though you're in a non-deployable unit, every Marine must be deployable, and therefore we are going to separate you. You cannot, you cannot be, even though he was in a non-deployable unit. So that was their position up to now. You wanted to save eight minutes? I'm sorry? You wanted to save eight minutes, and you're down to seven. All right, thank you very much. Thank you, Your Honors. May it please the Court, Kason Ross for the United States. This appeal and this case are moved. To the extent that there is any ongoing concern about the Marines issuing subsequent implementing guidance to the Secretary's rescission memo of last week, that legal question is, excuse me, the Marines cannot enforce any vaccination requirement that attaches to the August 2021 Secretary's requirement because the Commandant of the Marine Corps cannot exercise any authority that is inconsistent with the Secretary's. That is by statute, 10 U.S.C. 8043. So to the extent that the Marines issued subsequent implementing guidance to the August 2021 vaccination requirement, that guidance is unenforceable and non-operational. No Marine service member can be disciplined or take adverse action taken against any of them by virtue of not complying with the prior vaccination requirement. Major Schwart here has no claims for relief on a prospective basis. The preliminary injunction is indisputably moot because he has not identified any relief that he would seek in that appeal. To the extent that there is any ongoing concern with the implementation of the Secretary's rescission memo, that would be a subsequent case and the questions associated with the Marines' actions to cleanse – excuse me, cleanse Major Schwart's record, remove him from the officer disciplinary notebook, those questions are hypothetical and speculative at risk of saying that case is not yet ripe. So the case presented here is moot and any questions about ongoing placement of disciplinary action by virtue of his failure to comply with the August 2021 vaccination requirement is not ripe. I stand ready for the Court's questions. Okay. So suppose we agree with you that the preliminary injunction appeal is moot. What is left of this case? I don't think anything, Your Honor. To the extent that there is any disagreement with the District Court's conclusion that it could not provide an exemption to the military's policy, the District Court there concluded that only the Marines could adjudicate that request in the first instance and the Court might impose some sort of injunctive relief to prevent any adverse action taken against Major Schwart, but that question is no longer live because there's no longer a vaccination requirement. So if the Court disagrees with the District Court's conclusion as to its authority to afford an exemption to a military policy, there's no longer a military policy for which Major Schwart could get an exemption. So that question is purely hypothetical and the Court's opinion on that score would merely be an advisory one. But what about the concerns that Ms. Schwart expressed about reinstatement, getting his name off the disciplinary roll, maybe lost pay for not being demoted? What about any of those remedies? Sure. One, I don't believe Major Schwart was denied any pay in this case, nor was he disciplined in that respect, nor was he demoted. In fact, officers cannot be unpromoted by statute. And if there's any doubt, the Secretary's rescission memo makes clear that any adverse actions be purged from a service member's record. My understanding is here the only adverse action taken against Major Schwart was by virtue of his refusal to comply with the August 2021 vaccination requirement. So his placement on the officer disciplinary notebook, which I'll note is purely a preliminary step taken for further investigation and adjudication, will be removed from his record. It was not even on his official personnel military file, such that it would not have been considered by a promotion board in making any kind of promotion decision. So even that preliminary... Counselor? Yes, yes. Counselor, can you give us a date, sort of, when he will be removed from the ODN? I don't know that yet, Your Honor. I believe the Marines and all the other services are taking steps to implement the Secretary's rescission memo in due course. But to the extent there is an ongoing concern about his removal from the disciplinary notebook, that would be a subsequent case, as I mentioned before. Why would that be a subsequent case? That's what I don't understand. I mean, I would agree with you, if he's removed from the ODNI, you have a very strong case that this case is moot. But if he's not, then I don't see how that's a separate case. That's exactly this case. I think the Secretary's rescission memo is a material change in the circumstances that specifically direct the Marines to take that action. And so if the Marines don't do that by a certain time, then Major Short would, you know, could challenge that failure to take that action. Is there any deadline in this rescission memo, the January 10th? I don't believe so, Your Honor. All of the services are taking, you know, prompt steps to comply with the rescission memo. I can say as, you know, counsel that's represented a number of the, or have represented the government in a number of these cases, there are thousands of exemption requests. And so, and many of those requests have taken a little bit longer to process because of the sheer volume. The military has never experienced the number of exemption requests for religious reasons to any other policy in its history. And so the, you know, in an effort to unwind all of the actions taken in response to the August 2021 vaccination requirement, that will take some time, but I don't know how long it will take. What's the government's position in the Florida class action case now with the vacating the vaccine mandate? Is the government's view that that class action decision is moot as well? Yes, Your Honor. The government has a brief on addressing mootness due tomorrow in the district court. And we are also taking steps to essentially proceed in an orderly manner in the 11th Circuit as well. Then with respect to this case, is the government's position that the court erred in dismissing Mr. Short's case because of the Florida class action? I don't think so, Your Honor, because as I was explaining to Judge Wardlaw, to the extent that there's a disagreement about the nature of the duplicative remedies available in this case and in the Florida case, those remedies are now moot because Major Short can't obtain any relief that either in this case or in the Florida case. And so if there's any disagreement on whether the district court abuses discretion, the underlying legal question is moot because there's no requirement. Would the government oppose remanding, you know, preliminary injunction, assume it's moot, whatever is remaining. Would the government oppose remanding it to this district court given just the moving parts here? I don't think so, Your Honor. In fact, I think the most appropriate course here is to remand with instructions to vacate under Munsingware. And that would just allow things to proceed in the most orderly way. Okay. The other idea I had was could we issue a decision holding the case moot but hold the mandate pending the removal of Mr. Short from the ODN? I suppose the court in its discretion could do so with instructions to update the court on a periodic basis. The panel in the Dunby-Austin case has done something slightly similar,  every six months, on the status of the plaintiff in that case. Or in that case, it involves a class action against the Air Force. And so whether there are materially changing circumstances in the underlying class action, which is in the Sixth Circuit. Now, what is going on in the Eleventh Circuit? Is there an appeal in the Eleventh Circuit right now? Yes, the government did appeal the certification of the class as well as the class-wide preliminary injunction. The government's opening brief is currently due January 27th. But as I indicated, given the Secretary's rescission memo, we are now seeking to essentially proceed in an orderly way in each of these cases. But what is the government going to do? Is it going to dismiss its appeal on the grounds that the case is moot? I don't want to get out in front of any public filings that we make. But suffice it to say that the government's position is that these cases are moot. And we are seeking to proceed in the most orderly manner as possible. And to the extent the court wants updates on how the Eleventh Circuit case proceeds, the government is certainly happy to continue updating the court as those filings are made. And as well, I can represent that the Marines have every intent to issue implementing guidance similar to that which may be issued very soon this week. And there again, I don't have an exact timeline, but that is, you know, I can just represent that the Marines have every intention of releasing the same implementing guidance. And then Ms. Short makes an argument that they're – and this particular argument, I don't know if it's before us, but that sure, they'll take them off the disciplinary role and not require them to have a vaccine, but they'll still say you're not deployable because you don't have the vaccine, and therefore you have to be separated. Can they do that? No, Your Honor. I will emphasize that Major Short is expressly disavowed in this case, seeking any kind of relief that would infringe on the Marine Corps' ability to consider his deployment status – or, excuse me, to consider his vaccination status in making deployment, assignment, and operational decisions. It's page 14 of his reply brief, as well as page 241 of the excerpts of record in which Major Short specifically noted that he did not seek any kind of preliminary injunctive relief that would infringe on the Marines' ability to consider his deployment status. And as Judge Bumate noted, he's not currently in a deployable role, so this also doesn't present a live question. And to the extent the Court has concerns about whether the Marines would separate him because he's not deployable, he's not slated for deployment in any way. So that's, again, a hypothetical question. And – yeah, that's – sorry, that's all I have on that. MS FARRELL-BROWNE. Does anybody have any further questions? QUESTION. Just one last question. So is your position that we should vacate both the dismissal of the complaint and the preliminary injunction order under Munsonware? MR PRICE. I think the appeal of the preliminary injunction is indisputably moot, and I think that the appropriate remedy would be for a vacater under Munsonware, and I believe that is the course the Court typically takes. But I can't say for sure. MR PRICE. No, but there's two orders that are on appeal, as I understand it. There's the preliminary injunction, so you agree that that should be vacated under Munsonware, and then there's the dismissal of the complaint. Does the same analysis apply to both, I guess, is my question? MR PRICE. I think so. I think the reasons that each of the cases are moot are slightly different, but I think the underlying remedy would be the same.  Got it. MR PRICE. And on that note, we urge the Court to remand with instructions to vacate under Munsonware. MS FARRELL-BROWNE. All right. And you said you're filing something in the district court tomorrow? MR PRICE. In Florida? Correct. The district court has imposed a mootness deadline for that – or, excuse me, has requested briefing on the mootness question due tomorrow. MS FARRELL-BROWNE. Do you send us a copy of that?   MS FARRELL-BROWNE. A courtesy copy of that? MR PRICE. And, you know, for the Court's knowledge, there are three cases pending in the District of Columbia, which I believe we are also filing briefs on the mootness question in those cases as well. And so, to the extent the Court would also like those filings, we're happy to provide that. MS FARRELL-BROWNE. Yes, I'd love courtesy copies of those filings. Yeah. All right. Thank you, counsel. MS GARRETT. Thank you, Your Honor. I just would like to draw the Court's attention to ER-264, which is the specific order to Major Short to receive the COVID-19 vaccine. And the reference in that order is not the Secretary of Defense's mandate. It is not even the Commandant's mandate. It is MAR-EDMIN-61221, which came out in October. So when they say, well, he was ordered – he disobeyed the Secretary of Defense's August mandate, no, that's not what he was disciplined for, disobeying. It was specifically the Marine Corps order. Secondly, I would like to point out about the deployment status. Yes, Major Short said he did not – he was not trying to tie the military, tie the Marine Corps' hands about deployment status. But that meant as an individual. What we're talking about here is a different thing where exactly what happened – has happened to date, which is there was a service-wide mandate that everybody who is going to be deployed at any time must be immediately deployable and it means you must be vaccinated. That's the sort of thing we're talking about, not making an individual decision about Major Short's particular circumstances vis-à-vis deployment. Finally, about remanding to the district court, it would – as indicated in my filing a few days ago, vacating the lower court's decision would be appropriate given that the – if this case is deemed to be moot because of the unilateral action of the party prevailing in the lower court, then vacating those lower court decisions would be appropriate. And I think it's also – to the extent that the court sees that this case may continue in the lower court with – depending on the actions of the Marine Corps itself. And I think that it should take into account – consider whether in an order vacating the decision, it should clarify what the law is with regard to, for instance, the Mendez-Wenger abstention doctrine. Does that apply to RFRA cases? Is there an exhaustion requirement in RFRA cases just because it's for the military? Whether irreparable harm is – can be premised on the coercion or whether the irreparable harm can only be found in the penalties that are imposed. Whether the court has the power to order the military to take certain steps to provide relief, because the district court here seemed to be of the opinion that it was powerless to actually order the Marine Corps to grant a religious commendation, to make it short. It seemed to be, well, we just have to give them another try. I think the court might want to weigh in on the subject of cumulative effects and whether the court – in adjudicating RFRA claims, a court properly looks to the cumulative effect of multiple RFRA claims. If we vacate the local court orders, I mean, you're back at square one, so I don't know. And it sounds like that would be just an advisory opinion, wouldn't it? Well, it depends on whether – if the court – I say our argument is that Major Short should be given the opportunity to amend his complaint without a complete dismissal based on what the actions of the Marine Corps are. And we don't know – again, Mr. Ross has represented that we'll be getting some guidance within the next week that may, in effect – that may do the job. On the other hand, there may be lingering questions, which is what I think you will see, again, plaintiffs arguing in many of these cases, CMFO and others, that this did not answer all – the Secretary's rescission man, Miranda, did not answer all the questions. And – Sorry. So do you oppose, then, remanding to the district court to allow some of that further factual development? So say, like, next week, you know, he gets – Mr. Short gets removed from the ODN. That will substantially change your case. So is there any reason not to just remand it to allow that to happen? No, I think a remand could very well be appropriate in light of the fact of so many issues still being in flux in this, you know, as we stand here today. And so, again, I think that there are – and there are questions about how the Marine Corps will treat that deployability issue, because I – they were very adamant about that, and they also – as I say, they were probably, of all the services, the most, say, adamant and aggressive in enforcing the vaccination mandate. I – well, I think that at that point, I did have a few other issues that I thought the court might want to give some direction to the lower court on. I think the court should direct the lower court that if this issue is – to the extent that this issue comes – there is more to this case, that the RFRA burden imposed on the government, including the military, is to show that the burden advances the compelling governmental interest to some meaningful degree, something that is not just, well, by definition, this works better than that, therefore, they have – that this furthers a compelling interest. There is – the incremental marginal interest, as both Supreme Court and this court have held, is not enough to sustain a compelling governmental interest and a burden on religion. And with that, I have nothing further, Your Honor. All right. Thank you very much, counsel. Short v. Berger will be submitted, and this court is adjourned for today. Thank you. Thank you very much. All rise.
judges: WARDLAW, LEE, BUMATAY